# UNITED STATES DISTRICT COURT
## FOR THE
### DISTRICT OF VERMONT

GREEN MOUNTAIN CHRYSLER PLYMOUTH DODGE  :
JEEP; GREEN MOUNTAIN FORD MERCURY;       :
JOE TORNABENE'S GMC; ALLIANCE OF         :
AUTOMOBILE MANUFACTURERS;                :
DAIMLERCHRYSLER CORPORATION; and         :
GENERAL MOTORS CORPORATION,              :
                                         :
          Plaintiffs,                    :
                                         :
          v.                             :   Case No. 2:05-cv-302
                                         :
GEORGE CROMBIE, Secretary of the Vermont :
Agency of Natural Resources; JEFFREY     :
WENNBERG, Commissioner of the Vermont    :
Department of Environmental              :
Conservation; and RICHARD VALENTINETTI,  :
Director of the Air Pollution Control    :
Division of the Vermont Department of    :
Environmental Conservation,              :
                                         :
          Defendants,                    :
                                         :
CONSERVATION LAW FOUNDATION; SIERRA      :
CLUB; NATURAL RESOURCES DEFENSE COUNCIL; :
VERMONT PUBLIC INTEREST RESEARCH GROUP;  :
STATE OF NEW YORK; and DENISE M.         :
SHEEHAN, in her official capacity as     :
Commissioner of Environmental            :
Conservation of the State of New York,   :
                                         :
          Defendants-Intervenors.        :

                                         **consolidated with**

THE ASSOCIATION OF INTERNATIONAL         :
AUTOMOBILE MANUFACTURERS,                :
                                         :
          Plaintiff,                     :
                                         :
          v.                             :   Case No. 2:05-cv-304
                                         :
GEORGE CROMBIE, in his official capacity :
as Secretary of the Vermont Agency of    :
Natural Resources; JEFFREY WENNBERG, in  :
his official capacity as Commissioner of :
the Vermont Department of Environmental  :

```
Conservation; RICHARD A. VALENTINETTI,   :
in his official capacity as Director of  :
the Vermont Air Pollution Control        :
Division,                                :
                                         :
          Defendants,                    :
                                         :
CONSERVATION LAW FOUNDATION; SIERRA       :
CLUB; NATURAL RESOURCES DEFENSE COUNCIL; :
VERMONT PUBLIC INTEREST RESEARCH GROUP;  :
STATE OF NEW YORK; and DENISE M.         :
SHEEHAN, in her official capacity as      :
Commissioner of Environmental            :
Conservation of the State of New York,   :
                                         :
          Defendants-Intervenors.        :
```

## ORDER

On March 23, 2007 the Court issued an opinion describing the procedure it would follow in determining whether to restrict public access to certain documents and testimony to be submitted at trial on the ground that the evidence constituted trade secrets.  In brief, the Court would first determine whether the information at issue constitutes trade secrets, and then determine whether under the circumstances protection of trade secrets would overcome the First Amendment right of public access to trials.  Op. & Order 14-15.

The Court has reviewed the *in camera* submissions of the parties, consisting of the Plaintiffs' unredacted exhibits of highly confidential information ("HCI"), the Plaintiffs' proposed redactions, the Defendants' unredacted exhibits of the

Plaintiffs' HCI,[1] and the parties' designation of deposition testimony that includes HCI.  The parties have conferred extensively with each other and with the Court to reduce the amount of relevant material for which the Plaintiffs continue to seek protection from disclosure at trial.  This has resulted in the elimination of virtually all of the documents and testimony for which the Plaintiffs seek sealing and/or closure of the courtroom.  A small number of documents and areas of testimony remain at issue, and will be the subject of further discussions among the parties.

The Court adopts the guidelines set forth below for the resolution of the conflict between the need to protect legitimate trade secrets and the First Amendment right of public access to the materials that form the basis for an adjudication.

1.   Absent exceptional circumstances, all evidence deemed relevant to the adjudication of the validity of Vermont's greenhouse gas regulations shall be presented in open court, with full and unrestricted public access.  *See United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*") (absent exceptional circumstances, the basis for an adjudication should be subject to public scrutiny).  This

---

[1]   The Defendants and Defendant-Intervenors have produced no HCI in connection with this litigation, but have designated highly confidential portions of Plaintiffs' exhibits and transcripts of the deposition of Plaintiffs' witnesses, pursuant to the protective order signed by the parties.

includes evidence relating to future product plans and technologies, timelines, financial details including costs, sales and profits, regulatory compliance efforts and strategies, analyses of competitors' products and forecasts of product withdrawals.

2.   To accommodate Plaintiffs' need to maintain the highly confidential nature of portions of the exhibits and testimony that the parties seek to introduce on these topics, the Plaintiffs may identify specific companies, product lines and the like by a generic description or code. For example, a General Motors Corporation forecast may be identified as that of "Manufacturer ____." A specific product may be identified as "minivan model ___" or "small car ___." Specific numerical data may be replaced by sample numbers or summaries.

3.   Any exhibits or deposition testimony so redacted will constitute the trial exhibit or testimony; in other words, the Court will not use unredacted versions of exhibits or testimony as the basis for findings or conclusions in this case absent exceptional circumstances.

4.   Witnesses who testify on behalf of an automobile manufacturing company may rely on company documents that contain trade secrets to support their testimony. In that case, all parties shall take all reasonable measures to

avoid disclosing HCI in their questioning of the witnesses.

5.    The balance to be struck between the need to protect legitimate trade secrets and the need for public access to the materials on which this Court bases its decision depends on the context in which the material is intended to be introduced.  For example, in context the material may be critical to the determination of an issue, or it may be highly tangential.  During the trial, if a party seeks to introduce evidence for which trade secret protection is sought, and the Court agrees that the information constitutes a legitimate trade secret, the parties shall submit to the Court any proposed redactions for its consideration *in camera* to determine if there is a resolution that avoids either disclosure of trade secrets or closure of the courtroom.  If, however, the proponent of the evidence demonstrates that exceptional circumstances may exist requiring the Court to consider unredacted evidence, then the Court will notice a hearing on whether or not to seal the document or close the courtroom to receive this evidence.

Dated at Burlington, in the District of Vermont, this 6th day of April, 2007.

/s/ William K. Sessions III
William K. Sessions III
Chief Judge, U.S. District Court