```
                   UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT


GREEN MOUNTAIN CHRYSLER PLYMOUTH DODGE  :
JEEP; GREEN MOUNTAIN FORD MERCURY;      :
JOE TORNABENE'S GMC; ALLIANCE OF        :
AUTOMOBILE MANUFACTURERS;               :
DAIMLERCHRYSLER CORPORATION; and        :
GENERAL MOTORS CORPORATION,             :
                                        :
          Plaintiffs,                   :
                                        :
     v.                                 :   Case No. 2:05-cv-302
                                        :
GEORGE CROMBIE, Secretary of the Vermont:
Agency of Natural Resources; JEFFREY    :
WENNBERG, Commissioner of the Vermont   :
Department of Environmental             :
Conservation; and RICHARD VALENTINETTI, :
Director of the Air Pollution Control   :
Division of the Vermont Department of   :
Environmental Conservation,             :
                                        :
          Defendants,                   :
                                        :
CONSERVATION LAW FOUNDATION; SIERRA     :
CLUB; NATURAL RESOURCES DEFENSE COUNCIL;:
VERMONT PUBLIC INTEREST RESEARCH GROUP; :
STATE OF NEW YORK; and DENISE M.        :
SHEEHAN, in her official capacity as    :
Commissioner of Environmental           :
Conservation of the State of New York,  :
                                        :
          Defendants-Intervenors.       :
```

**consolidated with**

```
THE ASSOCIATION OF INTERNATIONAL        :
AUTOMOBILE MANUFACTURERS,               :
                                        :
          Plaintiff,                    :
                                        :
     v.                                 :   Case No. 2:05-cv-304
                                        :
GEORGE CROMBIE, in his official capacity:
as Secretary of the Vermont Agency of   :
Natural Resources; JEFFREY WENNBERG, in :
his official capacity as Commissioner of:
```

```
the Vermont Department of Environmental   :
Conservation; RICHARD A. VALENTINETTI,     :
in his official capacity as Director of    :
the Vermont Air Pollution Control          :
Division,                                  :
                                           :
          Defendants,                      :
                                           :
CONSERVATION LAW FOUNDATION; SIERRA        :
CLUB; NATURAL RESOURCES DEFENSE COUNCIL;   :
VERMONT PUBLIC INTEREST RESEARCH GROUP;    :
STATE OF NEW YORK; and DENISE M.           :
SHEEHAN, in her official capacity as       :
Commissioner of Environmental              :
Conservation of the State of New York,     :
                                           :
          Defendants-Intervenors.          :
```

**ORDER: OUTSTANDING PROFFERS**

The Defendants have proffered several documents which they seek to have admitted as trial exhibits.[1]  The '302 Plaintiffs have proffered PX 1297.  The parties also seek a ruling concerning four deposition excerpts which have been designated as "highly confidential information" ("HCI") that the Defendants seek to introduce.

**I.   Defendants' Proffer of Exhibits**

   **A.   Federal Register Documents**

The Defendants proffer four excerpts from the Federal Register, DX 3000, 3001, 3002 and 3006, contending that they are subject to judicial notice.  The '302 Plaintiffs object to

---

[1] Marked for identification, they are DX 2006, 2007, 2010, 2584, 2624, 3000, 3001, 3002, 3003, 3005, 3006, 3007, 3008, 3009, 3015, 3021, 3022, 3023, 3024, 3025, 3026, 3027, 3028, and 3045.

2

judicial notice of any facts contained within the documents that are subject to reasonable dispute.  The contents of the Federal Register may be judicially noticed.  44 U.S.C. § 1507.  Defendants have proffered NHTSA's publications as documents that set forth its position on various issues, its cost estimates of various technologies at one time, and its intent to acquire updated information regarding manufacturers' future product plans.  They do not seek to establish the technology cost estimates as facts.

    Accordingly, DX 3000, 3001, 3002 and 3006 are admitted.

**B.  Admissions**

    The Defendants seek the admission of the statement of Alan G. Loofbourrow, vice president of Engineering at Chrysler Corporation at a hearing before the United States Senate Committee on Commerce on December 10, 1974 (DX 3005).  The document is admitted for the limited purpose of showing what a representative of Chrysler said in 1974 with regard to legislation under consideration at that time.

    The Defendants also seek the admission of an excerpt of a transcript of statements by Ernest Starkman, a vice president of General Motors, before the EPA on March 12, 1973 in connection with the Motor Vehicle Pollution Control Suspension Request (DX 3028).  The Court allowed the Plaintiffs' witness, Alan Weverstad of General Motors to be cross-examined concerning Starkman's

remarks, which were reproduced in a journal article, but commented that the Defendants should have obtained the transcript.  The Defendants have now produced the transcript.  The document is admitted for the limited purpose of showing what a representative of General Motors said in 1973 with regard to GM's ability to comply with EPA's emissions regulations.

### C. Judicial Notice of Other U.S. Government Documents

The Defendants seek the admission of four documents concerning climate change, not for the truth of the matter asserted, but to show the government's position with respect to the issue.  The documents (DX 3007, 3008, 3009 and 3015) are admitted for that limited purpose.

### D. NHTSA Cost Documents

The Defendants seek the admission of three documents transmitted by NHTSA to the House Energy and Commerce Committee (DX 3027, 3023 and 3024).  The Plaintiffs concede that the information, NHTSA's CAFE Compliance and Effects Modeling System and spreadsheets for cars and for trucks, was in fact provided by NHTSA to the House Committee, but assert that the information provided was a rough estimate based on old product plan information.  NHTSA Administrator Letter dated 5/10/2007 (PX 1424).

The Defendants fail to specify any grounds for overcoming Plaintiffs' hearsay objection to the proffered evidence, although

4

they have proffered three additional documents (DX 2624, 3026 and 3045) that they contend serve as foundation for the admission of the NHTSA data.  Presumably they seek the documents' introduction as public records under Rule 803(8), which provides a hearsay exception for records of a public agency's activities, *see* Fed. R. Evid. 803(8)(A), records of matters observed pursuant to duty imposed by law, *see* Fed. R. Evid. 803(8)(B), and factual findings resulting from an investigation, unless the sources of information or other circumstances indicate lack of trustworthiness.  *See* Fed. R. Evid. 803(8)(C).  As proffered, the NHTSA data do not satisfy the criteria for admission under Rule 803(8); they do not appear to be either records of the agency's activities, records of matters observed pursuant to duty imposed by law, or factual findings resulting from an investigation.

    Nevertheless, there appears to be no dispute about the authenticity of the documents; in fact, the NHTSA Administrator's letter (PX 1424) demonstrates that they are authentic, if rough and preliminary estimates.  They are admitted for limited nonhearsay purposes, as follows.  First, the documents were initially presented for the purpose of impeaching the testimony of witness Austin, and they are admitted for the limited purpose of impeachment.  Second, they are admissible to show that NHTSA did in fact undertake an initial analysis of the Bush Administration's proposed changes in fuel economy standards,

resulting in the preliminary evaluation contained in the documents.  They are not admissible to demonstrate the accuracy of any particular number or numbers that they contain.

**E.   Other Official Documents**

The Defendants seek admission of two publications by the National Academy of Sciences (DX 2007 and 2010), a Department of Energy Annual Energy Outlook for 2004 (DX 3003), and an EPA interim report on new powertrain technologies (DX 2006).  They contend that the NAS publications are admissible as public records under Rule 803(8)(C).  Regardless of whether the NAS qualifies as a public office or agency, its 2002 report was commissioned by NHTSA at the direction of Congress and will be admitted pursuant to 803(8)(C).

The record is insufficient for the Court to conclude that the second NAS publication is admissible as a public record.  Nonetheless the Court will take judicial notice of the existence and publication of the document, but not of the facts contained therein if they are subject to reasonable dispute.

The DOE Annual Energy Outlook for 2004 is admitted, over Plaintiffs' relevance objection.  The EPA interim document is admitted for the limited purpose of showing EPA's methodology concerning powertrains and costs as of October 2005.

**F.   Miscellaneous Exhibits**

The Defendants proffer four exhibits to support the numbers

used in cross-examination of Ronald Harbour, three SEC filings (DX 3021, 3022 and 3025) and Ward's Automotive Group data (DX 2584). The Plaintiffs have no objection to the admission of the filings, but may seek to supplement the record with additional SEC filings. The Plaintiffs object to the admission of the Ward's data for lack of foundation as business records. However, the data is admissible under Rule 803(17), as a market report or commercial publication. Rule 803(17) is a hearsay exception for "[m]arket quotations, tabulations, lists, directories, or other published compilations, generally used and relied upon by the public or by persons in particular occupations." The trial transcript reflects that witness Harbour testified that he was familiar with the Ward's Automotive Group data, a compilation of figures on car sales and market share for automobile manufacturers, and that he regards it as generally accurate and has relied upon it in the past. This is a sufficient foundation for the admission of the Ward's Automotive Group data. *See* Fed. R. Evid. 803(17).

**II. Deposition Designations**

By virtue of extensive negotiations among the parties, they have reduced their deposition designation disputes to four: two concerning the deposition testimony offered by Honda's designated corporate representative, Robert Bienenfeld, and two concerning the deposition testimony of Nissan's corporate representative,

Glenn Choe.

### A. Deposition of Bienenfeld

#### 1. 41:3-4 and 51:9-16

The passages will not be de-designated.

#### 2. 60:2-4

The Plaintiffs have proposed "within a range of five to eight years." The Defendants have proposed "within a range of five to seven years." The Defendants' version is closer to the unredacted testimony, and is approved.

### B. Deposition of Choe.

#### 1. 38:12-13

The Defendants seek de-designation of the passage; the Plaintiffs wish the passage to read "other powertrain-related technologies." Although the Court is sensitive to Nissan's wish to protect its future product planning, simply mentioning that Nissan is currently working on a particular technology that is currently in development or implementation by other manufacturers will not reveal trade secret information. The passage is de-designated.

#### 2. 204:3-8

The Defendants propose that 204:3-4 be de-designated, and that the response to the question, at 204:5-8, be "Nissan projects a mile per gallon figure for cars in 2010 that is less than 1 mile per gallon below the 2010 standard." Defendants'

8

proposal is accepted.

### III. PX 1297

The Plaintiffs have proffered their Exhibit 1297, having withdrawn any claim of HCI with regard to this exhibit.  The Defendants object to the exhibit's admission without its first page, and demand a proffer on its admissibility.  The exhibit may be admitted if Plaintiffs provide a foundation for its admissibility.

### IV.   Judicial Notice of 72 Fed. Reg. 23900 (May 1, 2007)

The Court takes the opportunity to advise the parties that it may take judicial notice of EPA's Final Rule on Regulation of Fuels and Fuel Additives.

### V.   Summary

Defendants' Exhibits Nos. 2006, 2007, 2010, 2584, 3000, 3001, 3002, 3003, 3005, 3006, 3007, 3008, 3009, 3015, 3021, 3022, 3023, 3024, 3025, 3027 and 3028 are admitted, for the purposes and with the limitations discussed above.

Plaintiffs' Exhibit No. 1297 is not admitted at this time.


Dated at Burlington, in the District of Vermont, this 4th day of June, 2007.


/s/ William K. Sessions III
William K. Sessions III
Chief Judge
U.S. District Court