UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

GREEN MOUNTAIN CHRYSLER PLYMOUTH DODGE   :
JEEP; GREEN MOUNTAIN FORD MERCURY;       :
JOE TORNABENE'S GMC; ALLIANCE OF         :
AUTOMOBILE MANUFACTURERS;                :
DAIMLERCHRYSLER CORPORATION; and         :
GENERAL MOTORS CORPORATION,              :
                                         :
        Plaintiffs,                      :
                                         :
        v.                               :     Case No. 2:05-cv-302
                                         :
GEORGE CROMBIE, Secretary of the Vermont :
Agency of Natural Resources; JEFFREY     :
WENNBERG, Commissioner of the Vermont    :
Department of Environmental              :
Conservation; and RICHARD VALENTINETTI,  :
Director of the Air Pollution Control    :
Division of the Vermont Department of    :
Environmental Conservation,              :
                                         :
        Defendants,                      :
                                         :
CONSERVATION LAW FOUNDATION; SIERRA      :
CLUB; NATURAL RESOURCES DEFENSE COUNCIL; :
ENVIRONMENTAL DEFENSE, VERMONT PUBLIC    :
INTEREST RESEARCH GROUP; STATE OF        :
NEW YORK; and DENISE M. SHEEHAN, in her  :
official capacity as Commissioner of     :
Environmental Conservation of the State  :
of New York,                             :
                                         :
        Defendants-Intervenors.          :
                                         :     **consolidated with**
                                         :
THE ASSOCIATION OF INTERNATIONAL         :
AUTOMOBILE MANUFACTURERS,                :
                                         :
        Plaintiff,                       :
                                         :
        v.                               :     Case No. 2:05-cv-304
                                         :
GEORGE CROMBIE, in his official capacity :
as Secretary of the Vermont Agency of    :
Natural Resources; JEFFREY WENNBERG, in  :

```
his official capacity as Commissioner of :
the Vermont Department of Environmental :
Conservation; RICHARD A. VALENTINETTI, :
in his official capacity as Director of :
the Vermont Air Pollution Control       :
Division,                               :
                                        :
          Defendants,                   :
                                        :
CONSERVATION LAW FOUNDATION; SIERRA     :
CLUB; NATURAL RESOURCES DEFENSE COUNCIL;:
ENVIRONMENTAL DEFENSE; VERMONT PUBLIC   :
INTEREST RESEARCH GROUP; STATE OF       :
NEW YORK; and DENISE M. SHEEHAN, in her :
official capacity as Commissioner of    :
Environmental Conservation of the State :
of New York,                            :
                                        :
          Defendants-Intervenors.       :
```

## ORDER

On June 8, 2007, following a sixteen day trial held between April 10 and May 8, 2007, Greenpeace, Inc. ("Greenpeace"), a non-profit environmental organization, filed a motion "to intervene for the limited purpose of opening the proceedings and securing access to certain records filed under a 'Protective Order' designation by the plaintiff." Mot. 1 (Doc. 470). The Court had approved a protective order on April 20, 2006 (Doc. 45) and a superseding protective order on August 23, 2006 (Doc. 107). Specifically, Greenpeace seeks two documents that were attached to the Declaration of Benjamin A. Krass in support of the Defendants' opposition to the Plaintiffs' Motion to Exclude the Testimony of James E. Hansen, Ph.D., and filed under seal on March 23, 2007. The documents are described in the declaration

2

as "pages 435-36 of the transcript of Patrick Michaels'
deposition," and "exhibit 60 to the deposition of Patrick
Michaels."  Krass Decl. 2-3 (Doc. 332).  Both documents were
designated by the Plaintiffs as "highly confidential information"
("HCI") pursuant to the second Protective Order.

Greenpeace is involved in an ongoing investigation into
cooperative and financial relationships between certain
corporations and think tanks, and scientists and individuals
known as climate change skeptics.  It publishes the results of
its investigation on its website, http://www.ExxonSecrets.org.
Dr. Michaels is a prominent figure in the debate over the
significance of climate change, and Greenpeace believes that the
public has a right to review the contents of the two exhibits.

On March 8, 2007, Plaintiffs filed a motion *in limine* to
exclude the opinions and testimony of Defendants' expert Hansen.
Attached to their motion was an "Expert Rebuttal Report" authored
by Michaels.  (Doc. 275, Ex. D.)  Defendants' opposition to this
motion included the sealed Michaels documents in question.  The
motion *in limine* was withdrawn on March 28, 2007.

Dr. Michaels withdrew as a testifying expert in this case.
He did not testify at trial, nor did Plaintiffs rely on the
information contained in the sealed documents.  Once the motion
*in limine* was resolved, Defendants made no further use of the
Michaels information in trial or pre-trial proceedings in this

3

case.

To establish a right to intervene under Rule 24(a)(2), the potential intervenor must show "that its application is timely, that it has an interest in the subject of the action, that disposition of the action may as a practical matter impair its interest, and that representation of its interest by existing parties is inadequate." *H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 87-88 (2d Cir. 1986). Failure to satisfy any one of these requirements will suffice to deny the motion. *In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 300 (2d Cir. 2003).

Setting aside for the moment whether Greenpeace has demonstrated timeliness, Greenpeace has not demonstrated that it has an interest in the subject of the action. Greenpeace argues that it has a "unique" interest, anticipating that the disclosure of this information "will be of continuing importance to the organization," presumably because it will enhance the information provided on its website, and thus promote its ability to "promote transparency and disseminate information to the public and media." Mot. 4-5.

Rule 24(a)(2) requires that a proposed intervenor "have a 'direct, substantial, and legally protectable' interest in the subject matter of the action." *United States v. City of New York*, 198 F.3d 360, 365 (2d Cir. 1999) (quoting *Washington Elec.*

4

*Coop. Inc. v. Mass. Mun. Elec. Co.*, 922 F.2d 92, 96 (2d Cir.
1990)). Greenpeace's interest in promoting transparency and
disseminating information on climate change is only tangentially
related to the subject matter of this action, which challenges
the validity of Vermont's greenhouse gas regulations. Although
the state of Vermont certainly shares with Greenpeace its concern
about global warming, and for accurate dissemination of
information on climate change, at best these issues are at stake
in this case only indirectly.

Moreover, Greenpeace has not demonstrated that
representation of its interest by existing parties is inadequate.
No fewer than five non-profit organizations whose missions
include environmental protection and advocacy were granted
intervenor-defendant status and have been actively participating
in the case since May 2006. Greenpeace argues that no other
party represents the narrow interest of seeking to have two
exhibits unsealed. But Gannett Vermont Publishing, d/b/a/
Burlington Free Press ("BFP") was granted permissive intervention
on March 23, 2007 specifically on the narrow question of public
access to documents designated as HCI under the terms of the
Protective Order. That BFP supports Greenpeace's intervention
but has not otherwise sought disclosure of these specific
documents, and that the other environmental intervenors have not
weighed in on the subject, does not mean that these entities are

not able to represent Greenpeace's interest.

Because Greenpeace cannot satisfy at least two of the requirements for intervention as of right, intervention under Rule 24(a)(2) is denied.

Greenpeace also moves to intervene under Rule 24(b)(2). Permissive intervention is permitted upon timely application "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). As Greenpeace notes, this Court previously granted permissive intervention to BFP to challenge the Plaintiffs' request to take certain testimony *in camera* and to seal certain documents. 3/23/2007 Op. & Order 3 (Doc. 328). After protracted negotiations, the parties ensured that no information to be considered by this Court in the adjudication of this case would be presented *in camera* or under seal. That included the resolution of the motion *in limine* to exclude the Hansen testimony.

By March 28, 2007 Greenpeace was on notice that Michaels would not testify at trial, and that the presumably impeaching documents submitted under seal by the Defendants had become irrelevant to the case. Its motion to intervene was filed June 8, 2007. A delay of ten weeks in some circumstances would not be untimely, particularly where the original parties to the action have not claimed prejudice. *See MasterCard Int'l Inc. v. Visa*

*Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 390 (2d Cir. 2006) (factors to consider in determining timeliness include length of time applicant knew or should have known of its interest; prejudice to existing parties; prejudice to applicant if motion is denied; and presence of unusual circumstances).  Nevertheless, where the precise issues of the scope of the HCI designation, the sealing of documents, and the treatment of HCI-labeled exhibits and submissions were litigated and negotiated at length before and during the trial, Greenpeace waited too long to attempt to enter the fray.

In the exercise of its discretion the Court denies intervention under Rule 24(b)(2).

Given that Greenpeace's motion to intervene is denied, it is unnecessary to address whether the information contained in the Michaels documents was legitimately sealed pursuant to the protective order, or whether the presumption of public access to judicial documents applies to these materials that were submitted to the Court but not part of any judicial determination.  The motion (Doc. 470) is therefore denied in part and denied in part as moot.  The Motion for Special Admission for appearance *pro hac vice* (Doc. 512) is denied as moot.  The Motion to Establish Briefing Schedule (Doc. 513) is denied as moot.  The Motion to Intervene by Patrick Michaels (Doc. 521) is denied as moot.

Dated at Burlington, Vermont this 31st day of July, 2007.


/s/William K. Sessions III
William K. Sessions III
Chief Judge